UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| EUGENE ERWIN ALLEN, JR. | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 03-58-B-W |
| | ) | |
| | ) | Civil No. 07-39-B-W |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |

### **RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

Eugene Edward Allen has filed a 28 U.S.C. § 2255 motion in which he alleges one ground:

> Cruel and Unusual Punishment. My medical problems are de[s]cending. I never was convicted by a jury to make me a car[ee]r criminal. My kidney[]s are both failing and my vision is worse, also I'm losing toe[]s due to my diabetes and not being properly tak[en] care of at this medical center. I was never convicted by a jury to be an armed car[ee]r criminal. This is against my con[s]tit[u]tional rights.

(Sec. 2255 Mot. at 4.)

Allen took a direct appeal to the First Circuit Court of Appeals in which he raised the single issue of whether this court abused its discretion when it denied a downward departure based on Allen's medical conditions. The First Circuit Court of Appeals affirmed. (Crim No. 03-58-B-W, Docket No. 70.)

With regards to Allen's assertion that he had a right to a jury finding that he was an armed career criminal, Allen attaches United States v. Greer, 359 F. Supp. 2d 1376 (M.D. Ga. 2005). That case did hold that, in the wake of Apprendi v. New Jersey, 530 U.S. 466 (2000) and United States v. Booker, 543 U.S. 220 (2005), the defendant had a

Sixth Amendment right to have a jury finding of his three prior felonies.  However, the Eleventh Circuit Court of Appeals rejected the District Court's conclusion that the defendant had a right to have the jury determination of his armed career criminal status; this rejection was based on the Panel's conclusion that the rule of Almedarez-Torres v. United States, 523 U.S. 224 (1998) withstood Apprendi and Booker.  See United States v. Greer, 440 F.3d 1267, 1272 -76 (11th Cir. 2006) (vacating and superseding 435 F.3d 1327, 1334 -36 (11th Cir. 2006)).[1]  The Eleventh Circuit noted that the majority decision in Shepard v. United States, 544 U.S. 13 (2005) also signaled the continued vitality of Almedarez-Torres. 440 F.3d at 1274-75.  More importantly for Allen, the First Circuit of the Court of Appeals continues to hold that, until the Supreme Court says otherwise, the fact of a prior conviction need not be submitted to a jury.  See United States v. DeLeon, 444 F.3d 41, 55 (1st Cir. 2006).

     With respect to Allen's complaint about his medical care at his current facility, I do not take him to be revisiting this Court's denial of the downward departure, nor could he given the First Circuit's denial of his appeal.  If Allen wishes to pursue his claim that his inadequate medical care amounts to cruel and unusual punishment he can bring an action under 42 U.S.C. § 1983 in the district of his confinement.  He cannot press such a claim in a 28 U.S.C. § 2255 motion which allows claims that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255 ¶ 1.  I recommend that the Court summarily dismiss Allen's 28 U.S.C. § 2255 motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings.

---

[1] Rehearing en banc was denied and a second appeal was also rebuffed.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

March 26, 2007.

/s/Margaret J. Kravchuk
U.S. Magistrate Judge